IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDITH BORAN, O.B.O. S.B., a minor, | ) ) ) | CASE NO. 1:10CV1751 |
| Plaintiff, | ) ) ) | JUDGE LESLEY WELLS |
| v. | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | **REPORT AND RECOMMENDATION** |

Plaintiff Edith Boran ("Plaintiff"), as the grandmother and legal guardian of S.B., a minor, ("Claimant"), filed this action for judicial review of the Commissioner's final decision denying Claimant's application for child's supplemental security income benefits. Doc. 1. On November 22, 2011, the undersigned issued a Report and Recommendation ("the R & R"), concluding that the final decision of the Commissioner should be reversed and remanded for further proceedings. Doc. 24. No party objected to the R & R. On December 9, 2011, Judge Wells adopted the R & R, reversed the decision of the Commissioner, and remanded the case to the Commissioner for further administrative proceedings. Doc. 26. On February 29, 2012, Plaintiff filed an Application for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), seeking $5,520.86 in attorney fees and expenses. Doc. 27. The Commissioner has opposed Plaintiff's Application for Attorney Fees, arguing that his position was "substantially justified" and that Plaintiff is therefore not entitled to an award of EAJA fees. Doc. 28. The Commissioner also argues that Plaintiff's requested fee is excessive. Doc. 28.

On April 17, 2012, Judge Wells referred Plaintiff's Application for Attorney Fees to the undersigned for preparation of a Report and Recommendation. Doc. 31. For the following

1

reasons, the undersigned recommends that Plaintiff's Application for Attorney Fees be **DENIED.**

## I.  Discussion

The EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust.[1]  28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart,* 376 F.3d 551, 553 (6th Cir. 2004).  In this case, the Commissioner does not contest that Plaintiff was the prevailing party.  *See Shalala v. Schaefer,* 509 U.S. 292, 300–01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding a sentence-four remand "terminates the litigation with victory for the plaintiff").  Nor does the Commissioner argue that there are any special circumstances that warrant the denial of attorney fees.[2]  The issues in dispute are whether the Commissioner's position was substantially justified and whether the fees requested by Plaintiff are reasonable.

Under the EAJA, a position is "substantially justified" when it is it "justified to a degree that could satisfy a reasonable person."  *Howard,* 376 F.3d at 554 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).  In other words, a position is substantially justified when it has a reasonable basis in law and fact.  *Id.*  While the burden of establishing substantial justification is on the Commissioner, there is no presumption that the Commissioner's position was not substantially justified simply because it lost the case.  *Scarborough v. Principi,* 541 U.S. 401, 414–415, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004).  The

---

[1] The EAJA provides, in relevant part:
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

[2] The Commissioner also acknowledges that Plaintiff's Application for Attorney Fees was timely. Doc. 28, p. 2.

fact that the "Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard*, 376 F.3d at 554.

In this case, the Commissioner argues that his position was substantially justified because the ALJ's error that warranted remand merely was an "articulation error" surrounded by an otherwise thorough analysis; the Court found that Plaintiff's treating physician rule argument lacked merit; and the Court did not remand for an award for benefits, but rather to address unresolved factual issues.  On the other hand, Plaintiff contends that the ALJ's error was not a mere articulation error and that the Commissioner's position was not substantially justified because the ALJ did not follow agency rules and regulations in evaluating the opinions of Claimant's case managers.

In considering whether the ALJ's decision was "substantially justified" for EAJA purposes, courts have distinguished between remands involving "mere articulation errors" (cases in which there is record evidence to support the ALJ's decision, but the ALJ fails to adequately articulate his or her reasoning) and remands where the district court determines that the evidence, even when properly considered, does not support the ALJ's decision.  *See e.g., Olive v. Comm'r of Soc. Sec.,* 534 F.Supp.2d 756, 759-61 (N.D. Ohio 2008) (citing *Anderson v. Comm'r of Soc. Sec.,* 198 F.3d 244, 1999 WL 1045072 (6th Cir. 1999) (unpublished table decision)).  Generally, remands stemming from articulation errors do not result in an EAJA fee award, while remands following a finding that the record evidence does not support the ALJ's disability determination will lead to the payment of attorney fees.  *Compare Harris v. Comm'r of Soc. Sec.,* No. 08-CV-2219, 2010 WL 3075486, at *2 (N.D. Ohio Aug. 5, 2010 ) (no attorney fees where articulation error was surrounded by an otherwise "thorough and record-based analysis") *with Winning v. Comm'r of Soc. Sec.,* 2010 WL 3222031, at *4 (N.D. Ohio Aug. 13, 2010 ) (awarding fees where

"the ALJ failed to provide substantive reasons for her decision ... and because the record does not support the ALJ's credibility determination."). The Sixth Circuit has explained that "[t]he issue, when considering an award of attorney fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson*, 198 F.3d 244, 1999 WL 1045072, at \*4; *see also Ratliff v. Comm'r of Soc. Sec.*, 2012 WL 593120, at \*2 (6th Cir. Feb. 24, 2012).

      Here, the undersigned concluded that the ALJ failed to properly evaluate the opinions of Claimant's two case managers. Doc. 24, pp. 21-25. In particular, the undersigned determined that, "[b]ecause of the ALJ's failure sufficiently to discuss these opinions, the Court cannot ascertain his reasoning in reaching his ultimate conclusion regarding Claimant's level of impairment, which deprives the Court of its ability to conduct meaningful judicial review of this determination. Accordingly, the Court should reverse the Commissioner's decision and remand the instant case so that the ALJ can properly consider and discuss the opinions of [Claimant's case managers]." Doc. 24, pp. 24-25. Notably, the undersigned did not recommend an award of benefits, as this is not a case where Plaintiff presented overwhelming proof of disability.

      As set forth in the R & R, the ALJ was not required to afford the opinions of Claimant's case managers "controlling weight" because they were not doctors or other "acceptable medical sources." Doc. 24, p. 21; *see* 20 C.F.R. §§ 404.1513(a); 404.1527. Rather, a case manager is an "other source." 20 C.F.R. § 404.1513(d). The Commissioner "may" use evidence from "other sources" to show the severity of the claimant's impairments and, if the claimant is a child, how the claimant typically functions compared to children of the same age who do not have impairments. *Id.* The ALJ is not required to apply the stringent treating physician rule in

4

evaluating opinions from "other sources," but such opinions should not be ignored. *See, e.g., Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (noting that the ALJ should have provided some basis as to why he was rejecting the opinion of an "other source").  In any event, the ALJ must always explain how the evidence leads to his conclusions with enough detail and clarity to permit meaningful appellate review. *See, e.g., Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544-546 (6th Cir. 2004).

The failure of the ALJ to discuss the opinions of Claimant's case managers was sufficient to warrant remand for clarification.  However, the relevant inquiry concerning the Commissioner's position is whether it was reasonable to defend the ALJ's denial of benefits despite his failure to articulate why he discounted the opinions of Claimant's case managers.  Because Claimant's case managers were not acceptable medical sources whose opinions were entitled to special weight, the Commissioner's position on this issue was substantially justified.  The ALJ was not required by law to engage in a detailed discussion of the case managers' opinions and it was reasonable for the Commissioner to argue that the ALJ's discussion was adequate.  Simply because the Court ultimately disagreed and found that remand was proper does not mean that the Commissioner's position was not substantially justified.  In sum, even though the ALJ failed to articulate sufficient reasons for rejecting the opinion of Claimant's case managers, the Commissioner's decision to defend the ALJ's denial of benefits was substantially justified.

## II. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's Application for Attorney fees (Doc. 27) be DENIED.

Dated: May 29, 2012

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).