IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
: CASE NO. 1:10 CV 01751
EDITH BORAN, on behalf of STAR M. :
BALL, :
:
Plaintiff, :
: MEMORANDUM AND ORDER
-vs- :
:
:
COMMISSIONER OF SOCIAL :
SECURITY, 

Defendant.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter comes before the Court on the plaintiff's objections to the Magistrate Judge's recommendation that the plaintiff's motion for attorney fees be denied. (Doc. 32, 34). The defendant Commissioner of Social Security ("Commissioner") has filed a responsive brief. (Doc. 35). For the reasons that follow, the Magistrate Judge's recommendation will be adopted. The plaintiff's motion for attorney fees will accordingly be denied.

**I. Background**

On 10 August 2010, the plaintiff Edith Boran filed the instant matter on behalf of Star M. Ball ("claimant") challenging the Commissioner's denial of the claimant's application for Supplemental Security Income. (Doc. 1). The parties filed their respective briefs on the merits, and the case was referred to United States Magistrate Judge

Kathleen B. Burke. (Doc. 17, 21). On 22 November 2011, the Magistrate Judge issued a report and recommendation ("R&R") recommending that the decision of the Commissioner be reversed and the case remanded for further proceedings. (Doc. 24). The Magistrate Judge concluded (1) that the Administrative Law Judge ("ALJ") properly followed the treating physician rule in evaluating the opinion of the claimant's treating physician; but (2) that the ALJ failed to properly evaluate the respective opinions of the Claimant's two case managers. The Magistrate Judge advised that on remand the ALJ should properly consider the case managers' opinions and evidence from "other sources" pursuant to SSR 06-03p. The parties did not object to the Magistrate Judge's recommendations, and the Court adopted them. (Doc. 26).

On 29 February 2012, the plaintiff filed the instant motion for attorney fees in the amount of $5,520.86 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA"). (Doc. 27). The Commissioner responded in opposition, arguing that because the government's position was substantially justified a fee award is not proper under the EAJA. (Doc. 28). The plaintiff replied. (Doc. 30). The motion was referred to Magistrate Judge Burke, who agreed with the Commissioner and recommended that the plaintiff's motion for attorney fees be denied. (Doc. 31, 32). The Magistrate Judge reasoned that the ALJ's failure to properly evaluate the case managers' opinions amounted to an "articulation error" and that the Commissioner's position was substantially justified. The plaintiff now objects.

**II. Discussion**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

2

accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

The EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). In this instance, the parties dispute whether the Commissioner's position was substantially justified. Under the EAJA, a position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004). That is to say, there is substantial justification when the position has a "reasonable basis both in law and fact." Id. While the burden to establish substantial justification is on the Commissioner, there is no presumption that the Commissioner's position was not substantially justified simply because the Commissioner lost the case. Scarborough v. Principi, 541 U.S. 401, 414-15 (2004).

In this instance, the plaintiff maintains that the Commissioner's position was both legally and factually insupportable, because the matter was remanded with the instruction that the ALJ "properly consider and discuss the opinions of [the case managers]" and "consider and discuss evidence from 'other sources' in accordance with SSR 06-03p." (Doc. 34, p. 2). The Court disagrees with this assessment. Although it was determined that the ALJ's decision was not supported by substantial evidence because the ALJ failed to properly discuss the case managers' opinions, this is not to

3

say that the Commissioner was not substantially justified in holding the legal position it did. The question of substantial justification is separate and distinct from the issue of whether the Commissioner's decision was supported by substantial evidence. Couch v. Sec'y of Health & Human Servs., 749 F.2d 359, 360 (6th Cir. 1984). The fact that the Commissioner's decision was "not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." Id.

On de novo review, it is this Court's opinion that the Magistrate Judge properly concluded that the Commissioner's position was substantially justified. Whether a position is substantially justified is determined with a view to the "case as an inclusive whole, rather than as atomized line-items." Ratliff v. Comm'r of Soc. Sec., 2012 WL 693120, at *2 (6th Cir. Feb. 24, 2012). In this instance, although remand was ordered, the record supported the Commissioner's position with respect to two points of contention: whether the ALJ properly followed the treating physician rule in evaluating the opinion of the claimant's doctor; and whether the ALJ's reasons for discounting that opinion were supported by substantial evidence. The Commissioner's success with respect to these aspects of the case counsels against a finding that the Commissioner's position was not substantially justified. See Green v. Comm'r of Soc. Sec., 52 F.App'x 758, 759 (6th Cir. 2002) ("As the government was successful in defending the Commissioner's decision on several issues, the government's position was substantially justified.").

The ALJ's error in this instance involved the sort of "articulation error" discussed in Olive v. Comm'r of Soc. Sec., 534 F. Supp. 2d 756, 760 (N.D. Ohio 2008). In Olive, the court concluded that the ALJ's failure to state reasons for discounting the claimant's

4

testimony did not undermine the government's overall litigation position. Id. The court concluded that "given the evidence in the record as a whole, the government had a rational ground for defending the denial of benefits, even though the ALJ's opinion was not sufficiently explicit." Id. Similarly, in the present case, the Commissioner's overall position is not diminished by the ALJ's failure to explain the weight afforded the opinions of the claimant's case managers. A remand for the purpose of correcting an error of law such as this "supports the Commissioner's argument that his position was justifiable." Gray v. Comm'r of Soc. Sec., 23 F.Appx. 436, 437 (6th Cir. 2001). As a consequence, it was reasonable for the Commissioner to defend the agency's position, despite the ALJ's articulation error.

      The cases cited by the plaintiff do not compel a different result. First, in Griffin v. Sec'y of Health and Human Servs., 1994 WL 531534 (N.D. Ohio, Sept. 26, 1994), the claimant appeared to be shaking uncontrollably during a hearing before an ALJ. The medical and vocational experts recommended a consultative examination in order to determine how this condition affected the claimant's residual functional capacity. Id. at *3. Instead of ordering the examination, the Commissioner simply denied benefits. Id. at *2-3. The district court concluded that the failure to order the examination in conjunction with a lack of substantial evidence otherwise supporting the Commissioner's decision, merited a fee award. Id. at *3. In contrast, the ALJ's error in the present case involved a failure to articulate reasons for discounting the case managers' opinions, not a failure to sufficiently develop the record. It appears the ALJ in this case was acquainted with the opinions of the case managers, as indicated by a citation thereto, but failed to explain why those opinions did or did not have weight. Griffin is therefore distinct from this case.

The plaintiff's reliance on Howard v. Barnhart, 376 F. 3d 551 (6th Cir. 2004) is also misplaced. In Howard, the ALJ selectively considered the evidence by failing to properly pay complete deference to the uncontradicted opinion of the claimant's treating physician. Id. at 553. Consequently, the Sixth Circuit concluded that the government's position was not substantially justified. Id. at 553-54. Howard is not controlling here, because in this instance, the ALJ was not required to afford the opinions of the claimant's case managers controlling weight. Therefore, the government's position is not made unreasonable through its failure to address those opinions.

### III. Conclusion

For the reasons stated, the Magistrate Judge's report and recommendation is adopted in its entirety. The plaintiff's motion for attorney fees is accordingly denied.

IT IS SO ORDERED.

                                              /s/ Lesley Wells
                                     UNITED STATES DISTRICT JUDGE

Date:  18 June 2013